UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

| | |
|---|---|
| CLIMATE CONTROL MECHANICAL, SERVICES, INC. | Case No.: 3:15-bk-02248-JAF<br>Chapter 11 |
| BASE 3, LLC | Case No.: 3:15-bk-02249-JA |
| THE ALEXANDER GROUP, LLC | Case No.: 3:15-bk-02250-JA |
| FACILITY PERFORMANCE, LLC | Case No.: 3:15-bk-05021-JA |

**CARRIER ENTERPRISES, LLC's RESPONSE TO CIRACO ELECTRIC, INC.'S LIMITED OBJECTION TO MOTION TO APPROVE SETTLEMENT AGREEMENT**

Creditor, CARRIER ENTERPRISE, LLC, ("CARRIER"), responds to the Limited Objection to Motion to Approve Settlement Agreement (Doc. 518) filed by Creditor, CIRACO ELECTRIC, INC. ("CIRACO"), as follows:

1. On October 31, 2017, the Debtor, CLIMATE CONTROL, filed a Motion to Approve Settlement Agreement (the "Compromise Motion") (Doc. No. 502), requesting approval of a settlement reached between Carrier Enterprises, LLC, Nelson & Company, LLC, Community Bank & Trust of Florida and the Debtor.

2. The Settlement Agreement was entered into by the parties to resolve the Adversary Proceeding filed by CARRIER against Debtor, CLIMATE CONTROL MECHANICAL SERVICES, INC. ("CCI"), and involving competing claims of third party litigants in the Adversary Proceeding namely, Nelson & Company, LLC and Community Bank and Trust of Florida.

3. The funds that are the subject of the Settlement Agreement emanated from monies held by the municipality of the City of Dunedin for a specific construction project upon which

CARRIER and Nelson and Company, LLC, furnished construction materials that were incorporated into that specific construction project.

4. On August 31, 2017, this Court entered an Order (Doc. 65 in the Adversary Proceeding) directing the City to transfer those funds to the Debtor, CCI, to be held in a segregated account by CCI until further rulings by this Court involving claims of equitable liens by the creditors against those funds.

5. The allegations made by CIRACO in its Objection at issue herein describe general operating funds and/or assets of the debtors that have nothing whatsoever to do with the specific segregated fund that is the subject of the Settlement Agreement. It is interesting to note that CIRACO has never made any claim nor filed any paper in the Adversary Proceeding making any claim to the subject segregated funds that are the subject of the Settlement Agreement. As a result, CIRACO cannot now make a claim to those funds against which CARRIER and Nelson and Company, LLC, have claimed an equitable lien against same.

BASED UPON THE FOREGOING, CARRIER ENTERPRISE, LLC, respectfully requests this Court deny CIRACO's Limited Objection to the Settlement Agreement and approve the Settlement Agreement so that the funds held in the segregated account emanating from the City of Dunedin can be disbursed to the parties to the Settlement Agreement that have an interest in those funds.

**CERTIFICATE OF SERVICE**

I hereby certify that on this __13__ day of November, 2017, I served by e-mail a true copy of the foregoing to the following: Randy D. Mora, Esq., Randy@cityattorneys.legal, Trask Daigneault, LLP, 1001 South Fort Harrison Avenue, Suite 201, Clearwater, FL 33756; Adina Pollan, Esq., apollan@pollanlegal.com, 301 W. Bay Street, Suite 1454, Jacksonville, FL 32202; Thomas Cartwright, Esq., tcartwrightlaw@yahoo.com, 1301 NE 14th Street, Ocala, FL 34470; Richard A. Perry, Esq., richard@rapocala.com and timothy@rapocala.com, 820 E Fort King St., Ocala, FL 34471-2320; and C. Andrew Roy, Esq., Post Office Box 880, Winter Park, FL 32790, aroy@whww.com.

WORMAN & SHEFFLER, P.A.

/s/ Scott S. Sheffler
SCOTT S. SHEFFLER, ESQUIRE
Florida Bar No: 880418
2707 W. Fairbanks Avenue, Suite 200
Winter Park, Florida 32789
(407) 843-5353   Phone
(407) 841-9516   Fax
eServiceSSS@wormanlaw.com (e-service)
ssheffler@wormanlaw.com (e-mail)
Attorney for Plaintiff