UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Climate Control Mechanical
Services, Inc.,                                               Case No. 3:15-bk-02248-JAF

                                                        Jointly Administered with
   Base 3, LLC,                                                  Case No. 3:15-bk-02249-JAF
   The Alexander Group, LLC,                          Case No. 3:15-bk-02250-JAF
   Facility Performance, LLC,                          Case No. 3:15-bk-05021-JAF

      Debtors.                                                     Chapter 11
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO**
**FINAL APPROVAL OF DEBTORS' DISCLOSURE STATEMENT**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("United States Trustee"), by and through his undersigned counsel, objects to final approval of the Disclosure Statement (Doc. No. 487) filed by the Debtors in the four jointly administered cases of Climate Control Mechanical Services, Inc., Base 3, LLC, The Alexander Group, LLC, and Facility Performance, LLC (collectively the "Debtors"), and states:

      1.      On May 18, 2015, Climate Control Mechanical Services, Inc. ("Climate Control"), Base 3, LLC ("Base 3"), and The Alexander Group, LLC ("Alexander Group") each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code signed by Louie Wise, III as President and sole owner or member of each of these three debtors.

1

2. The Court entered an Order Directing Joint Administration of Cases (Doc. No. 114) on July 7, 2015 which provides for the joint administration for procedural purposes of the cases of Climate Control, Base 3 and Alexander Group and designates Climate Control as the lead case.

3. On November 16, 2015, Facility Performance, LLC (Case No. 3:15-bk-05021-JAF; "Facility Performance") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code signed by Louie Wise, III as Manager and sole member of the Debtor. Facility Performance then filed a motion seeking the joint administration of its case with the other related cases and, on December 15, 2015, the Court entered its Order Adding Additional Case to Those Previously Consolidated for Joint Administration (Doc. No. 239).

4. The Debtors filed the Disclosure Statement and Plan (Doc. No. 486) on October 13, 2017.

5. On October 19, 2017, the Court entered its Order for Hearing on Disclosure Statement and Fixing Time for Filing Fee Applications (Doc. No. 499), wherein the Court scheduled a hearing on January 2, 2018 at 2:30 p.m. to consider and rule on the Disclosure Statement ("Disclosure Statement Hearing").

6. The Order also provides that any objections to the Disclosure Statement shall be filed seven days before the Disclosure Statement Hearing, or by December 26, 2017. This Objection is timely.

7. The United States Trustee objects to the Disclosure Statement first, because it provides for the substantive consolidation of the Debtors' jointly administered

estates and second, because it fails to provide adequate information as required by 11 U.S.C. § 112 as set forth below in detail.

8. This Court has ordered the joint administration of the Debtors' estates which is a procedural device meant to solely simplify case administration as opposed to substantive consolidation which is an "extreme and unusual remedy" that results in asset and liability pooling and may substantially affect the rights of creditors. See *In re Pacific Lumber Co.*, 584 F.3d 229, 249 (5th Cir. 2009); *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005), *cert. denied* 547 U.S. 1123 (2006). The Debtors' cases are not substantively consolidated. The Debtors are distinct businesses with separate assets and liabilities as evidenced by their bankruptcy schedules, the claims filed by creditors in each of the cases, and as described by the Debtors themselves in the combined Amended Case Management Summary (Doc. No. 27) filed by Climate Control, Base 3, and the Alexander Group, in the Case Management Summary (Doc. No. 11; Facility, Case No. 3:15-bk-05021-JAF) filed by Facility Performance, and in the Disclosure Statement and Plan. Other than common ownership and some common creditors, the Debtors have distinct trade obligations and other unsecured debts. The treatment provided for creditors in the Disclosure Statement and Plan however, funds payments of the obligations of some of the Debtors with the proceeds of other Debtors. For example, and most significantly, the Debtors propose to fund payments under the Plan with the anticipated proceeds from two adversary proceedings to which only Climate Control is a party.[1] The proceeds, if

---

[1] The Debtors fail to include details regarding the pending adversaries but they appear to be referring to Skanska USA Building, Inc. v. Climate Control Mechanical Services, Inc. (3:16-ap-00100-JAF; "Skanska Litigation") and Climate Control Mechanical Services, Inc. v. Continental Casualty Company (3:15-ap-00352-RAC; "Continental Litigation").

3

any, from the two adversary proceedings are assets of Climate Control and should first fund the payment of its creditors.  Arguably, there may be sufficient funds to pay the creditors of Climate Control in full from the litigation recovery as opposed to only a partial payment proposed in the Debtors' Disclosure Statement and Plan.  The treatment proposed substantially affects the rights of creditors of each estate by pooling the assets of the estates while failing to clearly delineate the liabilities of each debtor and failing to provide sufficient or adequate information from which creditors can make an informed judgment about the plan.

9. The Disclosure Statement also fails to provide adequate information necessary for parties to make a meaningful decision on whether to accept or reject the Plan. *See* 11 U.S.C. § 1125.  Specifically, the Disclosure Statement:

a. Does not include a description of each Debtor's business and history, including the events which precipitated filing bankruptcy;

b. Does not include information regarding each Debtor's historical and current financial situation, such as a summary of the monthly operating reports filed during the pendency of the cases, including details as to monthly income and disbursements;

c. Does not include a projection of income and expenses anticipated by each of the Debtors for the post-confirmation period as required by 11 U.S.C. §§ 1115 and 1123(a)(8);

d. Does not include sufficient information to enable creditors to make a determination as to whether the Plan is feasible, including whether the

      Debtors have the ability to make the monthly payments required and sufficient monies on hand to pay claims due on the effective date, including the significant administrative claims of the Internal Revenue Service, the State of Florida, and professionals including the Examiner, Debtors' bankruptcy counsel and special counsel;

e. Does not include information regarding eight pending adversary proceedings, at least two of which will purportedly result in proceeds that will fund a significant portion of the Plan payments;

f. Does not include Plan exhibits which are referred to in the Disclosure Statement but are not attached to either the Disclosure Statement or the Plan;

g. Does not disclose the identity and affiliations of persons who will serve post-confirmation as Debtors' management, including naming the Debtors' controlling person(s) and compensation of same as required pursuant to 11 U.S.C. § 1129(a)(5);

h. Does not provide for the payment of all administrative claims on the effective date of the plan as required pursuant to 11 U.S.C. § 1129(a)(9);

i. Does not include information regarding the amount of insider claims against the estate which are being extinguished upon the effective date of the Plan and who the holder of those claims is;

j. Does not provide for the same treatment for all unsecured creditors as required pursuant to 11 U.S.C. § 1123(a)(4), the Debtors fail to provide details regarding the settlement terms with Zurich American Insurance pursuant to which its claim will be paid and whether those terms are less favorable than the treatment provided for other unsecured creditors;

k. Does not include details regarding executory contracts the Debtor(s) will assume or rejection and any resulting claims against the estate(s);

l. Does not include any description of significant post-petition events including the Appointment of an Examiner in these cases, the pending Motion to Appoint a Chapter 11 Trustee (Doc. No. 507), and the Order Granting in Part Emergency Motion to Freeze Unauthorized Bank Accounts and Other Assets (Doc. No. 540);

m. Does not include a discussion of potential material Federal tax consequents of the Plan as required pursuant to 11 U.S.C. § 1125(a)(1);

n. Fails to disclose that ownership interests, which remain unaltered post-confirmation, will provide no new value or consideration resulting in an absolute priority rule violation given that unsecured creditors are impaired, and thereby, the Debtors will be unable to satisfy the absolute priority standard of confirmation set forth in 11 U.S.C. Section 1129(b)(2)(B)(ii); and

      o. Does not include a liquidation analysis for each Debtor from which impaired creditors can ascertain whether they will receive or retain under the plan on account of their claims, as of the effective date of the plan, an amount that is not less than the amount they would receive or retain if the Debtors were liquidated under chapter 7 as required under 11 U.S.C. § 1129(a)(7).[2]

WHEREFORE, based on the foregoing, the United States Trustee objects to final approval of the Debtors' Disclosure Statement and requests that this Court enter an order sustaining this objection, denying approval of the Disclosure Statement in its current form, and providing for such other and further relief as the Court deems just and proper.

DATED:　December 26, 2017

                            Respectfully submitted,
                            GUY G. GEBHARDT
                            Acting United States Trustee, Region 21
                            /s/  Miriam G. Suarez
                            Miriam G. Suarez, Trial Attorney
                            Florida Bar No.:  756105
                            Office of the United States Trustee
                            U.S. Department of Justice
                            George C. Young Federal Building
                            400 W. Washington Street, Suite 1100
                            Orlando, FL 32801
                            Telephone No.:  (407) 648-6301, Ext. 126
                            Facsimile No.:   (407) 648-6323
                            Miriam.G.Suarez@usdoj.gov

---

[2] The liquidation analysis provided for the Debtors is inadequate: lacking detail for each Debtor regarding assets and claims; discounts the claim of Community Bank of $1,855,000 as a separate liability in its full amount against the assets of each of the four Debtors thereby misrepresenting each Debtors' liquidation value; the liquidation analysis of Alexander Group fails to account for the $67,511 in settlement monies deposited in an unauthorized bank account at Center-State Bank on December 19, 2016 which were shortly thereafter withdrawn and remain unaccounted for by the Debtors; provides no information regarding intercompany obligations; excludes the estimated proceeds of pending litigation; and fails to disclose the likely existence of claims against insiders.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2017, I caused a true and correct copy of the foregoing Objection to be served electronically through CM/ECF to all parties having appeared electronically in the instant matter and by U.S. Mail, postage prepaid, on the following:

Climate Control Mechanical
Services, Inc.
P.O. Box 3038
Ocala, FL 34478

Base 3, LLC
P.O. Box 3038
Ocala, FL 34478

Alexander Group, LLC
P.O. Box 3038
Ocala, FL 34478

Facility Performance, LLC
P.O. Box 3038
Ocala, FL 34478

Internal Revenue Service
Post Office Box 21126
Philadelphia PA 19114

Securities and Exchange Commission
Branch of Reorganization
175 West Jackson Street, Suite 900
Chicago, Illinois 60604-2601

/s/ Miriam G. Suarez
Miriam G. Suarez, Trial Attorney