**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Climate Control Mechanical Services, Inc.** | **Case No.: 3:15-bk-02248-JAF**<br>**(Jointly Administered With)** |
| **Base 3, LLC** | **Case 3: 15-bk-02249-JAF** |
| **The Alexander Group, LLC** | **Case 3:15-bk-02250-JAF** |
| **Facility Performance, LLC** | **Case 3:15-bk-05021-JAF** |
| **Debtors** | |

_____/

## <u>OBJECTION TO DISCLOSURE STATEMENT (DOC. NO. 487)</u>

Ciraco Electric, Inc. ("Ciraco"), by and through its undersigned counsel, objects to approval of the Debtors' jointly filed Disclosure Statement (Doc. No. 487). In support of this Objection, Ciraco states as follows:

1.     On October 13, 2017, the Debtors jointly filed their Disclosure Statement. The Debtors filed a joint Amended Plan on October 15, 2017 ("Plan").

2.     To obtain the Court's approval, the Disclosure Statement must contain adequate information that would enable a hypothetical investor to make an informed judgment about the Plan. 11 U.S.C. § 1125(a)(1).

3.     The Disclosure Statement fails to provide the requisite adequate information.

4.     The Disclosure Statement purports to explain that there are no assets for the general unsecured creditors of Debtor, Alexander Group, and that Alexander Group shall cease to be an operating entity.

5.     Yet, what the Disclosure Statement fails to do is explain to creditors of Alexander Group that Alexander Group has essentially supported the operations of the Surviving Debtors

by virtue of significant, but undisclosed or unexplained, transfers of Alexander Group's assets to the Surviving Debtors.

### A.  BP Oil Spill Settlement

6.    First, as explained in more detail in Ciraco's motions seeking the appointment of a Chapter 11 trustee and the freezing of unauthorized accounts, see (Doc. Nos. 507 & 508), Alexander Group was entitled to a settlement of approximately $67,000 resulting from the BP oil spill in 2010 in the Gulf of Mexico.

7.    However, the settlement check was deposited in an unauthorized account and then withdrawn to cash. The $67,000 remains unaccounted for, although the Debtors represented to the Court at a hearing on November 9, 2017, that the $67,000 in cash was deposited into another DIP account, but not Alexander Group's DIP account.

8.    Based on UCC-1 filings against Alexander Group, there is no lien of any secured creditor that encumbers or could encumber the $67,000 settlement from BP.

### B.  Intercompany Transfers

9.    Furthermore, upon information and belief, including the Debtors' own filings, the Surviving Debtors are indebted to Alexander Group, to the tune of at least $141,000 owed by Debtor, Climate Control. See (Doc. No. 484 at 3).

10.    The Disclosure Statement puts no value on the intercompany transfers, but the Plan purports to extinguish them without any consideration to the creditors of Alexander Group.

11.    Other transfers include over $145,000 in transfers made to non-debtor Native Hubzone Solutions.

## C.  **Examiner and Other Matters**

12.     The Disclosure Statement also fails to explain that the Court has appointed Examiner, who is analyzing the Debtors' financial transactions, both those that have been disclosed and those that were not disclosed by virtue of the Debtors' opening and maintaining unauthorized bank accounts, outside of the supervision of the Court and the United States Trustee or otherwise.[1]

13.     There is also an evidentiary set for February 1, 2018, at which the Court will determine whether Chapter 11 trustee should be appointed or the cases converted to Chapter 7.

14.     As of the date of this Objection, the Debtors have also not attached any bank statement to their monthly operating reports. The Debtors are required to so amend their operating reports no later than January 4, 2018. See (Doc. No. 540).

15.     There is also no explanation as to why Alexander Group has not been liquidated earlier, especially considering that its operations appear to have ceased over a year ago.

16.     Finally, the Debtors' principal, Louie Wise III, has related entities under the umbrella of "InTec" (which is a DBA owned by Debtor, Facility Performance) that share the Debtors' operations, including locations, equipment, tools, vehicles, etc. Such entities include, but are not limited to, Intec Facility Solutions, LLC, Copper Creek Plumbing, and Vetcon. However, it is unclear whether the related entities are paying their fair share of the operations, or

---

[1] The Disclosure Statement's failure to disclose the Examiner is understandable, considering the Court did not appoint the Examiner until after the Disclosure Statement was filed. However, the Disclosure Statement provided no information about the unauthorized accounts, and, absent Ciraco's discovery efforts, it is clear that the Debtors never would have disclosed these ultra vires accounts and would have tried to confirm the Plan without truly providing adequate information. The Debtors have made no efforts to amend their Disclosure Statement since Ciraco brought to light the unauthorized accounts.

if the Debtors are footing the bill while these entities operate with reduced or no expense, and there is nothing in the Disclosure Statement about these related entities.

### D.  Absence of Adequate Information to Approve Disclosure Statement

17.     The intercompany transfers, and ultimately the Examiner's analysis, are material to determining whether a creditor should accept or reject the Plan, including whether creditors of Alexander Group should accept the fact that they have funded the reorganization of other entities while they get nothing, all while Mr. Wise gets to retain his equity in the Surviving Debtors and have his guarantied obligations paid for, despite not putting a single dollar towards Alexander Group's creditors or towards the reorganization of the Surviving Debtors.

18.     Absent Alexander Group paying over $141,000 to Climate Control and the other Surviving Debtors, Alexander Group could have at least paid administrative and priority claims in full at liquidation, leaving at least the $67,000 in BP monies for the general unsecured creditors. While the Surviving Debtors are purporting to pay the administrative and priority claims of Alexander Group through the Plan, that still leaves the $67,000 unaccounted for, which should be paid by the Surviving Debtors directly to Alexander Group's general unsecured creditors.

19.     In any event, because of the history of nondisclosure by the Debtors, the convoluted nature of their financial records as filed with the Court, and the pending analysis of the Examiner, the Disclosure Statement does not contain adequate information warranting approval. At the very least, approval of the Disclosure Statement and confirmation of the Plan should be abated until the Examiner's analysis is completed.

[concludes on following page]

WHEREFORE, Ciraco respectfully requests that the Court sustain this Objection, deny approval of the Disclosure Statement, and grant such other relief as is necessary and just.

Date: December 29, 2017.                    Respectfully submitted,

                                            */s/ C. Andrew Roy*
                                            C. ANDREW ROY
                                            Florida Bar No. 91629
                                            aroy@whww.com
                                            **WINDERWEEDLE, HAINES, WARD**
                                            **& WOODMAN, P.A.**
                                            Post Office Box 880
                                            Winter Park, FL 32790-0880
                                            (407) 423-4246; (407) 645-3728 (facsimile)
                                            Attorneys for Ciraco

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2017, I caused a true and correct copy of the foregoing to be served through CM/ECF on parties having appeared electronically in the instant matter, and by U.S. Mail on the following:

Climate Control Mechanical Services, Inc.
P.O. Box 3038
Ocala, FL 34478

Base 3, LLC
P.O. Box 3038
Ocala, FL 34478

Alexander Group, LLC
P.O. Box 3038
Ocala, FL 34478

Facility Performance, LLC
P.O. Box 3038
Ocala, FL 34478

U.S. Securities & Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900 Atlanta, GA 30326-1382

Secretary of the Treasury
15th & Pennsylvania Ave.

Washington, DC 20220-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Great Lakes Carpet & Tile, Inc.
13553 US Hwy 441
Lady Lake, FL 32159

Jim Thompson Plumbing, Inc.
2315 NE 8th Road
Ocala, FL 34470

Ocala Specialty Hardware & Installation
3650 NE 40th Pl
Ocala, FL 34479

Taylor, Cotton & Ridley, Inc
PO Box 141090
Gainesville, FL 32614-1090

Designer's Palette of CF, Inc

5155 NE 3rd Street
Ocala, FL 34470

Mateer & Harbert, PA
Attn: Chad K. Alvaro
225 E. Robinson Street, Suite 600
Orlando, FL 32802

StonCor Group, Inc.
c/o James E. Shepherd
Pohl & Short, PA
280 West Canton Avenue, Suite 410
Winter Park, FL 32789

Mobile Mini, Inc.
4646 E. Van Buren Street #400
Phoenix, AZ 85008

Division 5 of Florida, Inc.
PO Box 6058

Starke, FL 32091

Pro Interiors of Central FL
3160 NE 92 Place
Anthony, FL 32617

Labor Finders
PO Box 358420
Gainesville, FL 32635

Sunbelt Rentals
1275 W Mound St.
Columbus, OH 43223

City of Ocala
110 SE Watula Ave
Ocala, FL 34471

Inpro Corporation
PO Box 681147
Milwaukee, WI 53268-1147

*/s/ C. Andrew Roy*
C. ANDREW ROY