IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Climate Control Mechanical Services, Inc. | Case No.:3:15-bk-02248-JAF |
| | (Jointly Administered With) |
| Base 3, LLC | Case No. 3:15-bk-02249-JAF |
| The Alexander Group, LLC | Case No. 3:15-bk-02250 JAF |
| Facility Performance, LLC | Case No. 3:15-bk-05021 JAF |
| _____Debtors_____/ | |

### COMMUNITY BANK & TRUST OF FLORIDA'S BRIEF IN OPPOSITION TO THE US TRUSTEE'S MOTION TO APPOINT A TRUSTEE OR IN THE ALTERNATIVE TO CONVERT THE CASES TO CHAPTER 7

COMES NOW the Creditor, Community Bank & Trust of Florida (CB&T) through its undersigned attorney, to file this brief in Response to the US Trustee's Motion to Appoint a Trustee or in the Alternative to Convert the Cases to Chapter 7 (doc 554) of which the following is a statement:

1. A trial on the above-referenced motion was heard by the Court on January 31, 2018.  At the end of the session the Court gave the parties 10 days to file briefs in support of their respective positions.

2. As the largest secured creditor in the bankruptcy estate, CB&T files this Response in Opposition to the Motion to Appoint a Trustee or Convert the Case.

### ISSUE

WHETHER THE EVIDENCE PRESENTED AT TRIAL MEETS THE REQUIREMENTS UNDER 28 U.S.C.§1104 TO APPOINT A TRUSTEE TO OVERSEE THE ESTATE BY CLEAR AND CONVINCING EVIDENCE WHEN THE DEBTOR HAS MADE CHANGES TO ITS OPERATION INCLUDING THE HIRING OF A CPA AS CFO TO RECTIFY ITS RECORDS AND PROVIDE ACCURATE ACCOUNTINGS IN THE FUTURE, IS WILLING AND ABLE TO WORK WITH THE CURRENT COURT APPOINTED EXAMINER TO VERIFY THE CURRENT AND FUTURE FINANCIAL RECORDS AND IS CURRENT ON ITS OBLIGATIONS TO ITS MAJOR CREDITOR

### RULE

3. Bankruptcy Code Section 1104(a)(1) provides that:

At any time after the commencement of the case but before confirmation of a plan, on request

of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

ARGUMENT

4. The appointment of a chapter 11 trustee is an "extraordinary remedy." *In re Euro-American Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007); *In re Adelphia Comm'ns Corp.*, 336 B.R. 610, 656 (Bankr. S.D.N.Y. 2006), aff'd, 342 B.R. 122 (S.D.N.Y. 2006). There is a strong presumption that a debtor should remain in possession. *In re The 1031 Tax Group LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007); *Ionosphere Clubs*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990); *In re Marvel Entm't Group, Inc.*, 140 F .3d 463, 471 (3d Cir. 1998); see also *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir.1989) ("It is settled that appointment of a trustee should be the exception, rather than the rule.").

5. The party seeking appointment of a trustee must prove the need for a trustee by "clear and convincing evidence." *Euro-American Lodging*, 365 B.R. at 426; *In re Adelphia Commc'ns Corp.*, 336 at 656 (citing In re Marvel Entm't Group, 140 at 471); *Ionosphere Clubs*, 113 B.R. at 168; *In re G-I Holdings, Inc.*, 385 F.3d 313, 317-19 (3d Cir. 2004).

6. The appointment of a chapter 11 trustee is an "extraordinary remedy." *In re Euro-American Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007); *In re Adelphia Comm'ns Corp.*, 336 B.R. 610, 656 (Bankr. S.D.N.Y. 2006), aff'd, 342 B.R. 122 (S.D.N.Y. 2006). There is a strong presumption that a debtor should remain in possession. *In re The 1031 Tax Group LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007); *Ionosphere Clubs*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990); *In re Marvel*

*Entm't Group, Inc.*, 140 F .3d 463, 471 (3d Cir. 1998); see also *In re Sharon Steel Corp.*, 871 F.2d 1217, 225 (3d Cir.1989) ("It is settled that appointment of a trustee should be the exception, rather than the rule.").

7. The party seeking appointment of a trustee must prove the need for a trustee by "clear and convincing evidence." *Euro-American Lodging*, 365 B.R. at 426; *In re Adelphia Commc'ns Corp.*, 336 at 656 (citing In re Marvel Entm't Group, 140 at 471); *Ionosphere Clubs*, 113 B.R. at 168; *In re G-I Holdings, Inc.*, 385 F.3d 313, 317-19 (3d Cir. 2004).

8. Although Bankruptcy Code section 1104(a)(1) is broadly worded, courts typically find that "cause" exists when a debtor engages in fraudulent conduct designed to frustrate a creditor or engages in some blatant attempt to deceive creditors to the profit of the debtor and the detriment of creditors. See *In re Mako*, 102 B.R. 812, 812 (E.D. Ok. 1988).

9. The evidence presented at the trial provided ample proof of many issues especially the preliminary report of the examiner.

10. However, the testimony of Mr. Wise and the new CFO, Mr. Booth, provided plausible explantations of the mismanaged funds. That same testimony admitted and illuminated the problems with the accounting procedures in place at Climate Control and the other companies. It also provided evidence of the changes instituted by Mr. Booth to try to rectify the erroneous financial reports and transactions and his efforts to move forward using GAAP guidelines.

11. Another very important factor in the eyes of CB&T is that the examiner agreed to continue to review the finances and records of the Debtor and assist Mr. Booth who further indicated that he and Mr. Dumm were able to work together well.

12. CB&T understands that the testimony regarding the opening of non-DIP accounts and the transactions involving Hubzone was damaging to the Debtors' defense to the Motion to Appoint a Trustee.

13. However, with the admissions by the Debtor, the changes currently in place, the return

of monies to the estate, the new CFO in place and the examiner still in the picture and the consent to convert The Alexander Group to Chapter 7, CB&T puts its support behind the Debtor to remain in possession.

## CONCLUSION

As cited above in the Argument section of this brief, courts have identified the appointment of a trustee in a chapter 11 setting as an "extraordinary remedy". Had the debtor not agreed to or not cooperated with the examiner and not made the necessary changes to the financial parts of its operation, an appointment of a trustee would be in order. It is CB&T's position that at the present time, the creditors would not benefit by the appointment of a trustee. And, at the present time, the Debtors are operating in a manner that is not fraudulent or deceptive to creditors.

Therefore, Community Bank & Trust of Florida respectfully requests that the Court enter and order denying the Motion to Appoint a Trustee or in the Alternative to Convert the Cases to Chapter 7 and continue the matter for sixty (60) more days to allow the examiner to file a final report and whatever other relief the Court deems appropriate.

Respectfully submitted,

/s/ Thomas W. Cartwright
Thomas W. Cartwright
1301 NE 14th Street
Ocala, FL 34470-4641
352 620-9800
FL ID 827851
tcartwrightlaw@yahoo.com
Attorney for Community Bank & Trust of Florida

## Certificate of Service

I certify that a true and correct copy of the foregoing was served upon all interested parties by the CM\ECF service or by first class prepaid mail this 13th day of February, 2018.

/s/ Thomas W. Cartwright
Thomas W. Cartwright