UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| Climate Control Mechanical Services, Inc., | Chapter 11<br>Case No. 3:15-bk-02248-JAF<br>Jointly Administered with |
| Base 3, LLC, | Case No. 3:15-bk-02249-JAF |
| The Alexander Group, LLC, | Case No. 3:15-bk-02250-JAF |
| Facility Performance, LLC, | Case No. 3:15-bk-05021-JAF |
| Debtors. | |

_____/

**UNITED STATES TRUSTEE'S MOTION TO COMPEL DEBTORS
TO COMPLY WITH THE COURT'S ORDER ON UNAUTHORIZED
ACCOUNTS ENTERED ON DECEMBER 14, 2017 (DOC. NO. 540)**

COMES NOW, Daniel M. McDermott, United States Trustee for Region 21 ("United States Trustee"), by and through his undersigned counsel, and moves this Court for entry of an Order compelling the Debtors of the four jointly administered cases of Climate Control Mechanical Services, Inc., Base 3, LLC, The Alexander Group, LLC, and Facility Performance, LLC (collectively the "Debtors") to comply with all terms of the Court's Order Granting in Part Emergency Motion to Freeze Unauthorized Bank Accounts and Other Assets (Doc. No. 540; "Order on Unauthorized Accounts") entered on December 14, 2017, by amending monthly operating reports to include a complete schedule of receipts and disbursements which includes all transactions during the appropriate month and to include a monthly summary of bank activity for each bank statement and in support thereof states:

1. On May 18, 2015, Climate Control Mechanical Services, Inc. ("Climate Control"), Base 3, LLC ("Base 3"), and The Alexander Group, LLC ("Alexander Group")

each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. On November 16, 2015, Facility Performance, LLC (Case No. 3:15-bk-05021-JAF; "Facility Performance") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. On November 2, 2017, Ciraco Electric, Inc. ("Ciraco") filed an Emergency Motion to Appoint Trustee or, in the Alternative, Convert Cases to Chapter 7 (Doc. No. 507; "Trustee Motion") and an Emergency Motion to Freeze Unauthorized Bank Accounts and Other Assets (Doc. No. 508; "Unauthorized Accounts Motion"). The Court held a preliminary hearing on November 9, 2017 on the Trustee Motion and the Unauthorized Accounts Motion.

4. Ciraco made several assertions in the Trustee Motion and Unauthorized Accounts Motion which were not disputed by Debtors at the preliminary hearing on November 9, 2017, including Debtors' failure to disclose bank accounts at unauthorized depositories maintained and used by the Debtors to execute numerous and significant undisclosed transactions, and their failure to attach bank statements to Monthly Operating Reports ("MORs") filed with the Court.[1]

5. On December 14, 2017, with the consent of the Debtors, the Court entered the Order on Unauthorized Accounts (Doc. No. 540).

6. On January 8, 2018, in partial compliance with the Order on Unauthorized Accounts, Louie Wise, III ("Mr. Wise"), as the "corporate representative" of the Debtors,

---

[1] The United States Trustee filed a Motion to Appoint a Trustee or in the Alternative, Convert cases of Climate Control Mechanical Services, Inc., Base 3 LLC, The Alexander Group, LLC, and Facility Performance, LLC on January 12, 2018 (Doc. No. 554; "UST Trustee Motion") and a final evidentiary hearing on the UST Trustee Motion and the Trustee Motion was held on January 31, 2018. At the conclusion of the trial, this Court took the matter under advisement.

filed a Statement Regarding Non-Debtor in Possession Accounts (Doc. No. 551; "Statement of Non-DIP Accounts"). In the Statement of Non-DIP Accounts filed under penalty of perjury, Mr. Wise identifies and lists eight accounts previously undisclosed by the Debtors that are not authorized debtor-in-possession accounts and are referred to as the "Non-Debtor in Possession Accounts" ("Non-DIP Accounts"). In the Statement of Non-DIP Accounts, the Debtors state that the Non-DIP Accounts have now been closed and the monies "transferred to the appropriate DIP [debtor-in-possession] account."

7.  The Order on Unauthorized Accounts further provides that within 21 days of the date of the order, or by January 4, 2018, the "Debtors shall amend or file amendments to each monthly operating report and attach copies of statements of [sic] for all financial account [sic] for each respective debtor…."

8.  On January 29, 2017, more than three weeks after the date set by the Court, each of the Debtors "Amendments to Monthly Operating Reports for the Reporting Periods: May 2015 through December 2017" which purportedly satisfies the Court's order to file amended MORs. However, these reports are not complete. The reports lack required summaries and attachments including, a Schedule of Receipts and Disbursements incorporating all transactions for each debtor, including the ending cash on hand each month. This information is essential to monitoring the progress of the cases and cannot be ascertained solely from the bank statements provided by the Debtors. In addition, several bank statements are not included in the reports, as set forth below in detail.

9.  On January 30, 2018 each of the debtors filed additional MORs which include summaries and attachments for only the Wells Fargo DIP accounts, fail to attach

bank statements for those accounts, and contain no reporting on the Non-DIP Accounts.[2] The MORs filed on January 30, 2018, are also incomplete. In addition, the MOR filed by Base 3, Alexander Group and Facility Performance report for more than a one month period.

10. The following chart is a summary of the Debtors' Non-DIP Accounts including the date of opening and closing as listed in the Statement of Non-DIP Accounts and includes a listing of each of the Debtors' disclosed bank accounts:

| Debtor | Non-DIP Account (last four digits of account number) | Date of Opening and Closing of Non-DIP Account | DIP Accounts |
|---|---|---|---|
| Climate Control | CenterState - 9014 | November 16, 2016 to June 2, 2017 | Wells Fargo - 7603 |
|  | CenterState - 4132 | June 8, 2015 to November 14, 2017 | Wells Fargo - 7918 |
|  | Campus USA Credit Union – 9720 | June 1, 2016 to January 5, 2018 |  |
| Base 3 | Campus USA Credit Union - 1320 | November 8, 2007 to January 5, 2018 | Wells Fargo - 7587 |
|  | Community Bank – 0257 | 2014 to May 18, 2015[3] | Wells Fargo - 7967 |
| Alexander Group | CenterState - 9204 | December 19, 2016 to January 27 2017 | Wells Fargo - 7595 |
|  |  |  | Wells Fargo - 7926 |
| Facility Performance | CenterState - 9140[4] | July 9, 2015 to September 7, 2016 | Wells Fargo - 8122 |
|  | Renasant Bank 6716 | November 14, 2014 to February 11, 2016 | Wells Fargo - 8130 |

---

[2] Climate Control filed a MOR for September 2017 (Doc. No. 576); Base 3 filed an MOR for September 2017 - December 2017 (Doc. No. 574); Alexander Group filed a MOR for September 2017 – December 2017 (Doc. No. 573: and Facility Performance filed a MOR for September 2017 – November 2017 (Doc. No. 575).

[3] The Statement of Non-DIP Accounts incorrectly states that the Base 3 Community Bank account ending in 0257 was closed on May 18, 2015; bank statements attached reflect that the account remained open as of December 31, 2017.

[4] The Facility Performance Amendment lists this Non-DIP Account as CenterState account ending in 9140 which appears to be a typographical error as the account at CenterState ends in 4140.

**Climate Control**

11. On January 29, 2018, Climate Control filed a document titled "Amendment to Monthly Operating Reports for the period of May 2015 through December 17, 2017" (Doc. No. 568; "Climate Control Amendment"). The Climate Control Amendment which consists of 1990 pages is not an amended monthly operating report but rather, just contains bank statements and bank reconciliation statements for the following accounts:

   a. Non-DIP Account at CenterState ending in 4132 for the period from January 1, 2016 to October 31, 2017[5];

   b. DIP account at Wells Fargo Account ending in 7603 for the period January 1, 2016 to December 31, 2017[6];

   c. DIP account at Wells Fargo account ending in 7918 for the period July 31, 2015 to December 31, 2017[7];

   d. Non-disclosed and non-DIP account at Wells Fargo account ending in 6947[8] for the period October 19, 2017 to December 31, 2017;

The Climate Control Amendment also contains some information relating to the pre-paid debit or smart cards, or other pre-paid instrument, purchased by Climate Control.

12. The Climate Control Amendment failed to provide the Non-DIP Account

---

[5] The Climate Control Amendment fails to include the June 2015 – December 2016 and November 2017 bank statements and bank reconciliation information for CenterState Account ending in 4132.

[6] The Climate Control Amendment fails to include the August 2017 bank statement and bank reconciliation information for Wells Fargo Account ending in 7603.

[7] The Climate Control Amendment fails to include the March 2017 and August 2017 bank statement and bank reconciliation information for Wells Fargo Account ending in 7918.

[8] The Wells Fargo account ending in 6947 is not a DIP account and was not disclosed in the Statement of Non-DIP Accounts; it appears to have been opened on October 19, 2017.

bank statements for CenterState account ending in 9014 and the Campus USA Credit Union Account ending in 9720.

13. Climate Control has not filed amended MORs which incorporate transactions from all DIP and the Non-DIP Accounts into a complete schedule of receipts and disbursements.

14. The United States Trustee requests the Court compel Climate Control to file a Schedule of Receipts and Disbursements incorporating all its transactions for both the DIP and the Non-DIP Accounts, and provide the following missing bank statements and bank reconciliation statements:

(i) CenterState account ending in 9014 (all);

(ii) Campus USA Credit Union Account ending in 9720 (all);

(iii) June 2015 through December 2016 and November 2017 bank statements and bank reconciliation information for CenterState Account ending in 4132;

(iv) August 2017 bank statement and bank reconciliation information for Wells Fargo Account ending in 7603; and

(v) March 2017 and August 2017 bank statement and bank reconciliation information for Wells Fargo Account ending in 7918.

## **Base 3**

15. On January 29, 2018, Base 3 filed a document titled "Amendment to Monthly Operating Reports for the period of May 2015 through December 17, 2017" (Doc. No. 569; "Base 3 Amendment"). The Base 3 Amendment which consists of 1029 pages is not an amended monthly operating report but rather, just contains bank

statements and bank reconciliation statements for the following accounts:

    a. Pre-petition account at Community Bank ending in 5301 for the period of May 2015 through July 10, 2015;

    b. Pre-petition account at Community Bank ending in 4410 for the period of May 2015 through July 10, 2015;

    c. Non-DIP Account at Community Bank ending in 0257 for the period from May 1, 2015 to December 31, 2017[9];

    d. DIP account at Wells Fargo account ending in 7587 for the period May 2015 to December 31, 2017[10]; and

    e. DIP account at Wells Fargo account ending in 7967 for the period May 2015 to December 31, 2017[11].

16.    The Base 3 Amendment failed to provide any Non-DIP Account bank statements or any bank reconciliation summaries for the Campus USA Credit Union account ending in 1320.

17.    The United States Trustee requests the Court to compel Base 3 to file a Schedule of Receipts and Disbursements incorporating all its transactions for both the DIP and the Non-DIP Accounts, and provide the following missing bank statements and bank reconciliation statements:

    (i) Campus USA Credit Union account ending in 1320 (all);

---

[9] The Base 3 Amendment indicates that this account was closed on May 18, 2015 however bank statements were provided that indicates Community Bank account ending in 0257 was open in December 2017.

[10] The Base 3 Amendment fails to include the February 2017 and August 2017 bank statement for the Wells Fargo account ending in 7587.

[11] The Base 3 Amendment fails to include the February 2017 and March 2017 bank statement for the Wells Fargo account ending in 7967.

(ii) February 2017 and August 2017 bank statement for the Wells Fargo account ending in 7587; and

(iii) February 2017 and March 2017 bank statement for the Wells Fargo account ending in 7967.

### Alexander Group

18. On January 29, 2018, Alexander Group filed a document titled "Amendment to Monthly Operating Reports for the period of May 2015 through December 17, 2017" (Doc. No. 570; "Alexander Group Amendment"). The Alexander Group Amendment which consists of 669 pages is not an amended monthly operating report but rather, just contains bank statements and bank reconciliation statements for the following accounts:

    a. Pre-petition accounts at Community Bank ending in 0265, 4399 and 4461 which were all closed shortly after the filing of the case;

    b. DIP Account at Wells Fargo Account ending in 7595 for the period June 2015 to December 31, 2017[12]; and

    c. DIP Account at Wells Fargo Account ending in 7926 for the period July 2015 to December 31, 2017[13].

19. The Alexander Group Amendment failed to provide the Non-DIP Account bank statements or any bank reconciliations for the Non-DIP Account at CenterState ending in 9204 from December 19, 2016 to January 27, 2017.

20. The United States Trustee requests the Court to compel Alexander Group

---

[12] The Alexander Group Amendment fails to include the February 2017 and August 2017 bank statement and bank reconciliation for the Wells Fargo account ending in 7595.

[13] The Alexander Group Amendment fails to include the February 2017 and March 2017 bank statement for the Wells Fargo account ending in 7926.

to file a Schedule of Receipts and Disbursements incorporating all its transactions for both the DIP and the Non-DIP Accounts, and provide the following missing bank statements and bank reconciliation statements:

(i)  CenterState account ending in 9204 (all);

(ii)  February 2017 and August 2017 bank statement for the Wells Fargo account ending in 7595; and

(iii)  February 2017 and March 2017 bank statement for the Wells Fargo account ending in 7926.

**Facility Performance**

21.    On January 29, 2018, Facility Performance filed a document titled "Amendment to Monthly Operating Reports for the period of May 2015 through December 17, 2017" (Doc. No. 571; "Facility Performance Amendment").  The Facility Performance Amendment which consists of 661 pages is not an amended monthly operating report but rather, just contains bank statements and bank reconciliation statements for the following accounts:

a. Non-DIP Account at CenterState ending in 4140[14] for the period from November 1, 2015 through December 31, 2016 (bank statement dated January 3, 2016)[15];

b. Non-DIP Account at Renasant Bank ending in 6716 for the month of

---

[14] The Facility Performance Amendment lists this Non-DIP Account as CenterState account ending in 9140 which appears to be a typographical error as the account at CenterState ends in 4140.

[15] The Facility Performance Amendment fails to include the January through September 2016 (the purported closing date according to Debtors' Statement of Non-DIP Accounts) bank statement for the Non-DIP Account at CenterState ending in 4140.

      November and December 2015[16];

    c. DIP account at Wells Fargo Account ending in 8122 for the period December 2015 to December 31, 2017[17].

22. The United States Trustee requests the Court to compel Facility Performance to file a Schedule of Receipts and Disbursements incorporating all its transactions for both the DIP and the Non-DIP Accounts, and provide the following missing bank statements and bank reconciliation statements:

    (i) January through September 2016 (the purported closing date according to Debtors' Statement of Non-DIP Accounts) bank statement for the Non-DIP Account at CenterState ending in 4140;

    (ii) January 2016 and February 2016 (the purported closing date according to Debtors' Statement of Non-DIP Accounts) bank statement and bank reconciliation for the Non-DIP Account at Renasant ending in 6716; and

    (iii) March 2017 bank statement and the August 2017 bank statement and bank reconciliation for the Wells Fargo account ending in 8122.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order compelling the Debtors to comply with the Order on Unauthorized Accounts, filing amended monthly operating reports which include a schedule of receipts and disbursements listing all transactions during the appropriate month, a monthly summary of bank activity for each bank statement, and include all missing bank statements and bank

---

[16] The Facility Performance Amendment fails to include the January 2016 and February 2016 (the purported closing date according to Debtors' Statement of Non-DIP Accounts) bank statement for the Non-DIP Account at Renasant ending in 6716.

[17] The Facility Performance Amendment fails to include the March 2017 bank statement and the August 2017 bank statement and bank reconciliation for the Wells Fargo account ending in 8122.

account reconciliation statements as set forth above, and grant such other and further relief as the Court deems appropriate.

    DATED:   February 15, 2018

                           Respectfully submitted,

                           DANIEL M. MCDERMOTT
                           UNITED STATES TRUSTEE
                           Region 21

                           /s/ Miriam G. Suarez
                           Miriam G. Suarez, Trial Attorney
                           Florida Bar No.:  756105

                           Office of the United States Trustee
                           U.S. Department of Justice
                           George C. Young Federal Building
                           400 W. Washington Street, Suite 1100
                           Orlando, FL 32801
                           Telephone No.:   (407) 648-6301, Ext. 126
                           Facsimile No.:   (407) 648-6323
                           Miriam.G.Suarez@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 15, 2018, I caused a true and correct copy of the foregoing Motion to be served electronically through CM/ECF to all parties having appeared electronically in the instant matter and by U.S. Mail, postage prepaid, on the following:

| | |
|---|---|
| Climate Control Mechanical Services, Inc.<br>P.O. Box 3038<br>Ocala, FL 34478 | Alexander Group, LLC<br>P.O. Box 3038<br>Ocala, FL 34478 |
| Base 3, LLC<br>P.O. Box 3038<br>Ocala, FL 34478 | Facility Performance, LLC<br>P.O. Box 3038<br>Ocala, FL 34478 |

                           /s/ Miriam G. Suarez
                           Miriam G. Suarez, Trial Attorney